IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02099-BNB

SEAN GUERRERO,

      Plaintiff,

v.

ARAMARK FOOD SERVICE,
EDDIE GILMORE,
MAURICE WOMACK,
RICHARD L. VOGHT, Tri County Health Dept.,
STATE BOARD OF MEDICAL EXAMINERS,
STATE BOARD OF NURSING,
STATE BOARD OF MENTAL HEALTH,
COLORADO DEPT. OF REGULATORY AGENCIES,
EXECUTIVE DIRECTOR TAMBOR WILLIAMS,
CORRECTIONAL HEALTHCARE [sic] MANAGEMENT,
HSA ELAINE MEYERS,
NURSE TIM GOSS (Acting HSA),
DR. SCHNEGEL,
DR. SOLIS,
DR. GARLICK,
NURSE LAURA IVERSON AND COMPLETE MEDICAL STAFF 1-100,
PATRICK J. SULLIVAN, JR.,
DETENTION FACILITY,
SHERIFF J. GRAYSON ROBINSON,
CAPTAIN BAY,
CHIEF LAUDERDLE,
LT. VOZ,
SGT. GROS KRUGER,
LT. HARTMAN,
CAPTAIN [sic] SGT. ROSS,
SGT. DARBY WISCOMB,
SGT. THOMPSON,
D/S JAMES,
D/S HAUSER,
D/S TRUJILLO,
D/S KELLY,
D/S CLINE,
D/S FREEMAN,
D/S CARLE,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 7 2006

GREGORY C. LANGHAM
CLERK

D/S FINGER,
LT. MANOS,
LT. WICKSTORM,
AMERICAN CORRECTIONAL ASSOCIATION,
U.S. ATTORNEY GENERAL ALBERTO GONZALES,
ARAPAHOE COUNTY COMMISSIONERS [sic] BERNIE ZIMMER,
MAYOR OF CENTENNIAL RANDY PYE,
ARAPAHOE COUNTY JAIL CLASSIFICATIONS NANCY SIVIK, and
JOHN DOE & JANE DOE 1-200, all the above individuals in their official
and individual capacities,

      Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Sean Guerrero currently is incarcerated at the Arapahoe County Detention Center in Centennial, Colorado.  He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993), and other statutes alleging that his rights under the United States Constitution have been violated.  He asks for money damages and injunctive relief.

The Court must construe the complaint liberally because Mr. Guerrero is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Guerrero will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust available administrative remedies.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the

2

Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Guerrero's complaint is prolix and nearly unintelligible. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). He generally complains about the conditions of his confinement, such as overcrowding, the jail diet, failure to provide Kosher meals, poor sanitation in showers and the jail kitchen, inadequate ventilation, bug infestation, and unequal treatment of Muslims and Jews. On the basis of these

allegations, he contends that his Eighth Amendment rights have been violated. He fails to assert which claim is asserted pursuant to which statute.

Mr. Guerrero has violated D.C.COLO.LCivR 10.1 concerning format and copies of papers presented for filing by submitting to the Court an almost-unreadable complaint that is single spaced and handwritten in print too small to decipher. Rather than summarizing each claim succinctly, Mr. Guerrero cites to chronological events and apparently expects the Court to piece together his claims and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Guerrero's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Guerrero must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

In the amended complaint he will be directed to file, Mr. Guerrero also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable

4

merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Guerrero may use fictitious names, such as "John Doe" and "Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Guerrero uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Guerrero should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Guerrero is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Guerrero should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.

In addition, it is not clear whether Mr. Guerrero has exhausted his asserted claims through the jail grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust

5

administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Guerrero is a prisoner confined in a detention center. The claims he asserts relate to jail conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Guerrero must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Guerrero has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The grievances that Mr. Guerrero attaches to his complaint concern mold and scum on shower walls, finding a beetle in his cell, his request for beef and hot meals in his diet, being served spoiled eggs, not being served protein for breakfast on one occasion, not receiving a replacement tray for one Kosher meal, being racially profiled, being moved to break up a group of Jews running a Kosher diet ring, being left in his cell after a shift lockdown alarm, not being let out of his cell quickly enough to use a bathroom, apparently being teased when asked about his inmate account balance, and a partially intelligible grievance about being moved because of his religion and some

6

complaint about his Kosher diet. It is not clear to the Court that these grievances match and have exhausted the claims he is asserting in the instant action. Therefore, Mr. Guerrero will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the jail's administrative grievance procedure as to his asserted claims. Accordingly, it is

ORDERED that Mr. Guerrero file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the available administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Guerrero, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Guerrero submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Guerrero fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be

7

dismissed without further notice.

DATED November 17, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  06-cv-02099-BNB

Sean Guerrero
Prisoner No. 0606222
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

I hereby certify that I have mailed a copy of the **ORDER and two copies of
Prisoner Complaint** to the above-named individuals on _11/17/06_

GREGORY C. LANGHAM, CLERK

By _____
Deputy Clerk